UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KHALEL WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL GALBRAITH, *et al.*, <br><br> Defendants. | Civil Action No. MJM-23-1261 |

## **MEMORANDUM**

Plaintiff Khalel Washington, who is currently incarcerated at Jessup Correctional Institution ("JCI"), filed this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Washington was ordered to amend his Complaint and was forewarned that any amended complaint filed would serve as the operative pleading in this matter. ECF No. 4. On June 14, 2023, Washington filed an Amended Complaint against Harford County Detention Center ("HCDC") Warden Daniel Galbraith and Sergeant Lynch (the "Harford County Defendants"), and Cook Chris Sidney and Kitchen Director Nenad Mirkovic (the "Food Service Defendants"). ECF No. 5.

The Harford County Defendants moved to dismiss the Amended Complaint on October 13, 2023. ECF No. 13. The Food Service Defendants similarly moved to dismiss the Amended Complaint on January 23, 2024. ECF No. 22. Upon the filing of each motion, Washington was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so. ECF Nos. 14 & 23. Washington filed nothing further. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Defendants' motions shall be granted.

I. **BACKGROUND**[1]

On May 4, 2023, Harford County Detention Center served "hamburger helper" for dinner, and the ground beef was "raw" and "still pink and uncooked with blood traces." ECF No. 5 at 2. Although the Defendants were notified about the issue, defendants Lynch, Sidney, and Mirkovic "continued to give inmates trays with uncooked meat." *Id.* at 3. The Warden was notified but responded, "that's out of my job description." *Id.* The same undercooked meal was served again on May 28, 2023, which caused Washington a "stomach virus that lasted over 12 days of multiple painful symptoms." *Id.* Upon raising his concerns over food quality with the kitchen staff, Washington was told, "because you come to jail you have these problems, if you didn't commit a crime you wouldn't be suffering right now." *Id.* Washington maintains that these statements are discriminatory because his status as an incarcerated adult does not "change [his] rights as a United States occupant." *Id.* He argues that Defendants' conduct amounts to unequal treatment and cruel and unusual punishment. *Id.* Washington seeks $25,000.00 in damages "for malicious intent and discriminatory action against inmates because of prejudice acts committed because of personal belief against detainees."[2] *Id.* at 4.

On October 13, 2023, the Harford County Defendants moved to dismiss this action. ECF No. 13. Specifically, they argue that the Amended Complaint should be dismissed because Washington has not stated a plausible conditions-of-confinement claim under the Eighth Amendment, nor has he stated a plausible claim for discrimination, and the Harford County Defendants are entitled to qualified immunity. ECF No. 13-1.

---

[1] The facts in this section are drawn from the Amended Complaint, *see* ECF No. 5, and are taken as true for purposes of resolving the pending motions, *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

[2] Neither Washington's original Complaint nor his Amended Complaint make clear whether Washington had been convicted or was a pretrial detainee at the time of the incidents giving rise to his claim. *See* ECF Nos. 1 & 5. He seemingly uses the terms detainee and inmate interchangeably. *See id.*

On January 23, 2024, the Food Service Defendants moved to dismiss the Amended Complaint. ECF No. 22. Specifically, they argue that the Amended Complaint should be dismissed because Washington has failed to exhaust his administrative remedies, and he has failed to state a viable claim for relief. ECF No. 22-1.

As noted, both motions are unopposed.

## II.     STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

In reviewing the motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Washington. *Twombly*, 550 U.S. at 555. "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting

*Twombly*, 550 U.S. at 557). Pro se pleadings are construed more generously than pleadings drafted by attorneys, though courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (citations omitted).

### III. DISCUSSION

Construing the Amended Complaint liberally, and drawing all reasonable inferences in his favor, Washington appears to advance a claim that being served uncooked meat twice in one month amounted to an unconstitutional condition of confinement in violation of the Eighth or Fourteenth Amendment, as well as unconstitutional discrimination against an inmate or detainee in violation of the Fourteenth Amendment. *See* ECF No. 5.

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived him of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A defendant's own action or inaction is required for liability under § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). There is no respondeat superior liability under § 1983. *Love-Lane*, 355 F.3d at 782. Supervisors like Warden Galbraith and Kitchen Director Mirkovic may be found liable only if the plaintiff shows they "acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge*, 550 F.2d at 928 (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1973), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)).

Moreover, to state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) the supervisor had actual or constructive knowledge that a subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury.  *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

A.  Conditions of Confinement

The Eighth Amendment to the U.S. Constitution proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia,* 428 U.S. 153, 173 (1976). Notably, the Eighth Amendment "proscribes more than physically barbarous punishments."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . .'"  *Id.* (citation omitted).  Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned."  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'"  *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97.

Because the Amended Complaint does not allege that any Defendant used force of any kind, only a deliberate indifference analysis is applicable here.

To establish constitutional liability in this context, a plaintiff must satisfy a two-part inquiry with both objective and subjective components. *See Raynor*, 817 F.3d at 127. Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of either injury. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

As to the subjective component, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires either actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and that the inference was actually drawn. *Id*. at 837. Further, "deliberate indifference is a very high standard—a showing of mere negligence will not meet it . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as an "exacting" one).

Importantly, however, as noted above, Washington does not clarify whether he was a pretrial detainee or a convicted individual at the time the incidents giving rise to his claims occurred. This distinction is important because "pretrial detainees can state a claim under the

Fourteenth Amendment, based on a purely objective standard, for prison officials' deliberate indifference to excessive risks of harm." *Short v. Hartman*, 87 F. 4th 593, 604–05 (4th Cir. 2023). Indeed, "[t]he Fourteenth Amendment Due Process Clause protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" *Id.* at 608–09 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)) (citations omitted). "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 611 (citations omitted). However, it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12.

Construing the pro se Amended Complaint liberally, the Court will analyze Washington's claim as if he were a pretrial detainee at the time of the incidents in question. As discussed, the applicable standard is purely objective. "It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985) (citations omitted). Nevertheless, Washington has failed to state a claim upon which relief may be granted. His claim that Defendants Lynch, Sidney, and Mirkovic served inmates trays with undercooked meat on two occasions does not amount to an excessive risk of serious harm. While the food may not have been prepared to Washington's reasonable expectations, that fact does not rise to the level of a constitutional violation. *See Smith–Bey v. CCA/CTF*, 703 F. Supp. 2d 1, 8, (D.D.C. 2010) ("[T]wo instances of discovering cockroaches in one's food do not rise to the level of sufficiently serious deprivation."); *Allen v. Maryland*, Civ. No. BEL-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) (dismissing claim where the

plaintiff failed to plead "that his food regularly or even often contains mice or other foreign objects."); *Marshall v. Bazzle*, No. CA 4:08-CV-2775-GRA, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009) ("Occasional short-lived problems with food service and isolated instances of spoiled food or foreign objects in the food do not state cognizable claims under the Eighth Amendment."). Without a direct involvement in a constitutional injury, there cannot be supervisory liability by Warden Galbraith or Kitchen Director Mirkovic. Thus, the conditions of confinement claim must be dismissed against all Defendants.

B. Discrimination

To the extent Washington is also trying to state a discrimination claim, this claim also fails. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also United States v. Berrios*, 501 F.2d 1207, 1209 (2d Cir. 1974) ("Nothing can corrode respect for a rule of law more than the knowledge that the government looks beyond the law itself to arbitrary considerations, such as race, religion, or control over the defendant's exercise of his constitutional rights, as the basis for determining its applicability.").

There is no allegation in the Amended Complaint that Washington was treated differently than any similarly situated individual. Although the Court does not condone the statements allegedly made to Washington that, because he is in jail, he will "have these problems" and if he "didn't commit a crime [he] wouldn't be suffering right now," they do not amount to a violation of the Equal Protection Clause. Furthermore, Washington does not specify who made these

statements or if they even played any role in preparing the food for service. The Court cannot infer from Washington's allegations that the named Defendants intentionally or purposefully undercooked the meat out of discriminatory animus. In the absence of any allegation that Washington has been treated differently from similarly situation individuals, any equal protection claim must be dismissed.[3]

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss (ECF Nos. 13 & 22) are granted, and the Amended Complaint is dismissed with prejudice.

A separate Order follows.

Date:  3/27/24                                                                    /S/
                                                              Matthew J. Maddox
                                                              United States District Judge

---

[3] Having found that Washington has failed to state a claim for relief that may proceed, the Court need not address the other arguments advanced by the Defendants regarding qualified immunity or exhaustion. *See* ECF Nos. 13 & 22.